UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT BATES,
    Plaintiff,

    v.

OHIO DEPARTMENT OF
REHABILITATION AND
CORRECTIONS, *et al.*,
    Defendants.

Case No. 1:22-cv-337
Cole, J.
Litkovitz, M.J.

REPORT AND RECOMMENDATION

This matter is before the Court on plaintiff Robert Bates' motion for administrative transfer pending trial (Doc. 17).  No responsive memoranda have been filed to date.

Plaintiff initiated this pro se 42 U.S.C. § 1983 action by filing a 157- page complaint detailing essentially every grievance he has had against thirty-one defendants beginning on February 20, 2021 and ending on April 1, 2022.  (Doc. 1).  The allegations range from "unprofessional conduct" and "failure to perform job duties" to "cruel and unusual punishment" and "deliberate indifference."  Because plaintiff's allegations involved numerous unrelated events involving unrelated defendants on different dates, the Court recommended, pursuant to 28 U.S.C. § 1915A, that this case proceed on his first colorable claim – the February 20, 2021 Eighth Amendment failure-to-protect claim.  The Court then severed and dismissed without prejudice plaintiff's remaining colorable claims for filing as separate actions, if desired.  (Doc. 13 at PAGEID 361).

Plaintiff now moves for an order requiring that he be administratively transferred pending trial in this case.  (Doc. 17).  The Court construes plaintiff's motion as a motion for a temporary restraining order/preliminary injunction pursuant to Federal Rule of Civil Procedure 65 because it requests immediate injunctive relief.

Plaintiff alleges that he "is being targeted and assaulted with no help from SOCF staff or Administration." (*Id.* at PAGEID 379). In support of his motion, plaintiff offers the following: (1) a general allegation that "prison officials" have told other inmates that he is a "snitch" and failed to protect him from violence because defendants in plaintiff's civil cases[1] "are family, friends, and co-workers with the staff at Lucasville"; (2) evidence that inmate Richey "violently assaulted [plaintiff] in the chow hall" on September 11, 2022; and (3) the declaration of Robert Jones, Jr. that Corrections Officer Billy Joe Gaffin offered to reward Jones if he assaulted plaintiff or punish Jones if he refused to assault plaintiff on September 6, 2021. (*Id.* at PAGEID 379-380, Doc. 9 at PAGEID 320).

Plaintiff's requested injunction requiring that he be administratively transferred pending trial in this matter should be denied. First, "[e]very order granting an injunction and every restraining order" binds only "the parties," their "officers, agents, servants, employees, and attorneys" and certain others "who are in active concert or participation" with them. Fed. R. Civ. P. 65(d)(1) and (2). As the Court explained in its prior Order and Report and Recommendation (Doc. 13), the only defendants properly before the Court in this case are Officer Milner and Officer D. Woods. Thus, Rule 65(d)(2) precludes the Court from issuing an injunction requiring unidentified prison officials to transfer plaintiff pending trial in this matter.

Second, the party requesting a preliminary injunction must justify the relief sought, including establishing a likelihood of success on the merits. *Wilson v. Williams*, 961 F.3d 829, 837 (6th Cir. 2020) (overturning injunction directing specific prison officials to evaluate a group of medically-vulnerable inmates' eligibility for transfer during COVID-19 outbreak). "Because '[t]he purpose of a preliminary injunction is merely to preserve the relative positions of the

---

[1] Bates has initiated this action and one other (Case No. 1:22-cv-488) in this Court.

2

parties until a trial on the merits can be held,' *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981), 'the party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and conduct asserted in the complaint.'" *Cooper v. Bower*, No. 5:15-CV-P249-TBR, 2017 WL 3389521, at *3 (W.D. Ky. Aug. 4, 2017) (denying transfer order to assaulted inmate) (quoting *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010)).

Plaintiff offers two items of evidence in support of his motion: (1) a conduct report indicating that inmate Richey assaulted him on September 11, 2022 (Doc. 17 at PageID 385); and (2) Jones' declaration that Officer Gaffin offered to reward him for assaulting plaintiff more than a year earlier (Doc. 9 at PAGEID 320). Plaintiff fails to link such evidence to the claims in this case, i.e., that on February 20, 2021, Officers Milner and/or Woods heard inmate Ogletree threaten plaintiff, yet failed to protect plaintiff from harm. (Doc. 1 at PAGEID 11-12).

Finally, when an incarcerated person asks to enjoin state prison officials, the Court must "proceed with caution and due deference to the unique nature of the prison setting." *White v. Corr. Med. Servs.*, No. 1:08-cv-277, 2009 WL 529082, at *2 (W.D. Mich. Mar. 2, 2009) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984)); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995). A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled to such relief." *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). In this case, plaintiff has made no such showing.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motion for immediate administrative transfer (Doc. 17) be **DENIED**.

Date: 9/26/2022

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT BATES,
    Plaintiff,

    v.

OHIO DEPARTMENT OF
REHABILITATION AND
CORRECTIONS, *et al.*,
    Defendants.

Case No. 1:22-cv-337
Cole, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).