UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ROBERT BATES,<br>    Plaintiff, | Case No. 1:22-cv-337<br>Cole, J.<br>Litkovitz, M.J. |
| v. | |
| OHIO DEPARTMENT OF<br>REHABILITATION AND<br>CORRECTIONS, *et al.*,<br>    Defendants. | REPORT AND RECOMMENDATION |

This matter is before the Court on plaintiff Robert Bates' motion for an immediate transfer/separation order, or, in the alternative, to amend his complaint (Doc. 39). No responsive memoranda have been filed to date.

Plaintiff initiated this pro se 42 U.S.C. § 1983 action by filing a 157- page complaint detailing essentially every grievance he has had against thirty-one defendants beginning on February 20, 2021 and ending on April 1, 2022. (Doc. 1). The allegations ranged from "unprofessional conduct" and "failure to perform job duties" to "cruel and unusual punishment" and "deliberate indifference." Because plaintiff's allegations involved numerous unrelated events involving unrelated defendants on different dates, the Court recommended, pursuant to 28 U.S.C. § 1915A, that this case proceed on his first colorable claim – the February 20, 2021 Eighth Amendment failure-to-protect claim against Corrections Officers Milner and Woods. The Court then recommended severing and dismissing without prejudice plaintiff's remaining colorable claims for filing as separate actions, if desired. (Doc. 13 at PAGEID 361).

Plaintiff now moves for an immediate transfer/separation order, or, in the alternative, to amend his complaint to include a claim that Officers Milner and Woods are unconstitutionally retaliating against him. (Doc. 39). The Court construes plaintiff's motion for immediate

transfer/separation order as a motion for a temporary restraining order/preliminary injunction pursuant to Federal Rule of Civil Procedure 65 because it requests immediate injunctive relief.[1]

## I. Plaintiff's Motion for Injunctive Relief Should be Denied.

Plaintiff alleges that he "is being targeted, threatened, verbally harassed, and retaliated against for pursuing legal claims." (Doc. 39 at PAGEID 506). In support of his motion, plaintiff offers the following unsworn allegations: (1) Officers Woods and Milner have told other inmates that he is a "snitch" in an effort to have him beaten or killed; (2) Officers Woods and Milner threatened to enter plaintiff's unlocked cell and "spray and beat" plaintiff; (3) Officer Woods approached plaintiff stating, "I should kick your ass" thereby placing plaintiff in fear for his life and safety; and (4) Officer Milner engaged in a retaliatory cell search, in violation of plaintiff's constitutional rights. (*Id.* at PAGEID 505-507). In support of these allegations, he offers the unsworn statements of three witnesses. (*Id.* at PAGEID 509-511).

In determining whether to issue a preliminary injunction/temporary restraining order, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014); *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). The four factors are not prerequisites but must be balanced as

---

[1] This is plaintiff's third motion for injunctive relief and second motion for immediate transfer. (*See* Docs. 7 and 17). The Court recommended denying his first two motions for injunctive relief. (Docs. 13 and 20).

part of a decision to grant or deny injunctive relief. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003), *abrogated on other gds. by Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015). Injunctions are extraordinary remedies that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Leary,* 228 F.3d at 739.

  Plaintiff's request for immediate transfer or separation order should be denied. First, the party requesting a preliminary injunction must justify the relief sought, including establishing a likelihood of success on the merits. *Wilson v. Williams*, 961 F.3d 829, 837 (6th Cir. 2020) (overturning injunction directing specific prison officials to evaluate a group of medically-vulnerable inmates' eligibility for transfer during COVID-19 outbreak). Plaintiff has made no attempt to apply the above factors to his situation, and he has failed to present evidence showing he has a substantial likelihood of success on the merits of his constitutional claim.

  In support of his motion, plaintiff filed "declarations" from three witnesses. However, the documents were neither sworn in front of an officer authorized to administer oaths, such as a notary public (*see Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 475 (6th Cir. 2002)), nor comply with the requirements of 28 U.S.C. § 1746. Section 1746 provides that "any matter . . . required or permitted to be supported, evidenced, established, or proved by the sworn declaration . . . or affidavit . . . may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form: . . . 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true

and correct. Executed on (date). (Signature).'" 28 U.S.C. § 1746. The Sixth Circuit permits such unsworn declarations to be submitted in lieu of affidavits so long as they meet the strictures of § 1746. *Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 363 n.3 (6th Cir. 2001). Plaintiff's "declarations" were not made "under penalty of perjury" and therefore fail to satisfy the statutory requirements of an unsworn declaration offered as evidence.

In addition, an injunction is not warranted in this case because the purpose of an injunction—to preserve the status quo until a trial on the merits can be conducted—would not be served. *See Southern Milk Sales, Inc. v. Martin,* 924 F.2d 98, 102 (6th Cir. 1991) (quoting *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)); *see also Perdue v. Morgan*, No. 1:13-cv-878, 2015 WL 1197548, at *2 (S.D. Ohio 2015). The remedy plaintiff seeks is more than an injunction maintaining the status quo. He seeks an Order from this Court directing his transfer from the Southern Ohio Correctional Facility to either the Ohio State Penitentiary or the Toledo Correctional Institution. Such affirmative relief to correct constitutional deficiencies not yet proven is generally beyond the scope and purpose of preliminary injunctive relief. *See Id.*

Finally, when an incarcerated person seeks to enjoin state prison officials, the Court must "proceed with caution and due deference to the unique nature of the prison setting." *White v. Corr. Med. Servs.*, No. 1:08-cv-277, 2009 WL 529082, at *2 (W.D. Mich. Mar. 2, 2009) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984)); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995). A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled to such relief." *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). In this case, plaintiff has made no such showing.

**II. Plaintiff's Motion to Amend His Complaint will be Denied Without Prejudice**.

Although time has expired for plaintiff to amend his complaint as a matter of course, Federal Rule of Civil Procedure 15(a)(2) permits amendment any time before trial with leave of Court. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In his most recent motion, plaintiff asserts that defendants Woods and Milner are retaliating against him in violation of his constitutional rights. However, it is unclear from plaintiff's motion if the alleged mistreatment is in retaliation for filing the instant civil action, for filing an unrelated action (case no. 1:22-cv-488), or for "writing Defendant Woods up." (Doc. 39 at PAGEID 505-507). Because the basis for the retaliation is relevant to whether plaintiff should be permitted to amend his complaint in this action, seek to amend his complaint in the unrelated pending action, or be filed as an independent complaint in a third action, the Court will deny his motion to amend the complaint at this time. However, plaintiff may file a separate motion to amend his complaint clarifying the allegations related to unconstitutional retaliation.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motion for immediate transfer/separation order (Doc. 39) be **DENIED**.

**IT IS THEREFORE ORDERED THAT:**

Plaintiff's alternative motion to amend his complaint (Doc. 39) is **DENIED WITHOUT PREJUDICE**.

Date: 12/7/2022

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ROBERT BATES,<br>    Plaintiff,<br><br>    v.<br><br>OHIO DEPARTMENT OF<br>REHABILITATION AND<br>CORRECTIONS, *et al.*,<br>    Defendants. | Case No. 1:22-cv-337<br>Cole, J.<br>Litkovitz, M.J. |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).