UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ROBERT BATES,<br>    Plaintiff, | Case No. 1:22-cv-337<br>Cole, J.<br>Litkovitz, M.J. |
| v. | |
| OHIO DEPARTMENT OF<br>REHABILITATION AND<br>CORRECTIONS, *et al.*,<br>    Defendants. | **ORDER** |

This matter is before the Court on plaintiff's motion for order for Andrew Thomas Gatti to follow ODRC Policy 75-MAL-03 Legal Mail (Doc. 24), defendants' motion to stay discovery (Doc. 28), defendants' motion to strike Robinson declaration (Doc. 30), plaintiff's motion for order that defendants reply to complaint (Doc. 31), defendants' motion to strike plaintiff's response to motion to dismiss (Doc. 34), and defendants' motion to stay response to plaintiff's motion for summary judgment (Doc. 43). Appropriate responses and replies have been filed (Docs. 25, 32, 33, 37, 44, 45).

Plaintiff initiated this pro se 42 U.S.C. § 1983 action by filing a 157- page complaint detailing essentially every grievance he has had against thirty-one defendants beginning on February 20, 2021 and ending on April 1, 2022. (Doc. 1). The allegations ranged from "unprofessional conduct" and "failure to perform job duties" to "cruel and unusual punishment" and "deliberate indifference." Because plaintiff's allegations involved numerous unrelated events involving unrelated defendants on different dates, the Court recommended, pursuant to 28 U.S.C. § 1915A, that this case proceed on his first colorable claim – the February 20, 2021 Eighth Amendment failure-to-protect claim against Corrections Officers Milner and Woods. The

Court then recommended severing and dismissing without prejudice plaintiff's remaining colorable claims for filing as separate actions, if desired. (Doc. 13 at PAGEID 361).

Both sides have filed numerous motions in this matter, including defendant's motion to dismiss (Doc. 18) and plaintiff's motion for summary judgment (Doc. 42). The Court will address those dispositive motions by separate Report and Recommendation in due course.

I. **Plaintiff's Motion for Order for Andrew Thomas Gatti to follow ODRC Policy 75-MAL-03 Legal Mail (Doc. 24) Will Be Denied as Moot**.

According to plaintiff, ODRC Policy 75-MAL-03 requires that each piece of legal mail contain a control number. (Doc. 24 at PAGEID 414). Plaintiff alleges that defense counsel failed to include a control number on the envelope containing defendants' motion to dismiss so plaintiff failed to timely receive defendants' motion. (*Id.*). Defendants offered undisputed evidence in response that the envelope in fact contained the required control number. (Doc. 25-1 at PAGEID 421). Rather, the delay occurred because the envelope lacked plaintiff's specific inmate identification number and the facility houses two inmates named Robert Bates. (*Id.*).

As plaintiff filed a response to defendants' motion (Doc. 32), it appears that he has received the document in question. Without determining that the Court is empowered to order state attorneys to follow Ohio Department of Rehabilitation and Correction policies, plaintiff's motion will be denied as moot.

II. **Defendants' Motion to Stay Discovery (Doc. 28) and Motion to Stay Summary Judgment Response Date (Doc. 43) Will Be Granted**.

Defendants move to stay discovery and stay the date to respond to plaintiff's pending motion for summary judgment until defendants' pending motion to dismiss (Doc. 18) is decided. (Docs. 28, 43). Defendants' motion to dismiss is based, in part, on defendants' claim to qualified immunity. (Doc. 18 at PAGEID 392-93).

As recently explained:

> [A] decision to stay discovery pending resolution of a dispositive motion is within the Court's discretion. *See, e.g.*, *Kareem v. JPMorgan Chase Bank, N.A.*, No. 15-4387, 2016 WL 9405838, at *2 (6th Cir. Nov. 21, 2016) (noting that the district court has "discretion to stay discovery until questions that may dispose of the case . . . are determined" (internal citations omitted)). However, this Court is generally "not inclined to stay discovery while a motion to dismiss is pending unless certain special circumstances justify that action." *Shanks v. Honda of Am. Mfg.*, No. 2:08-CV-1059, 2009 WL 2132621, at *1 (S.D. Ohio July 10, 2009). There are "special circumstances" when a defendant raises an immunity defense, lack of subject-matter jurisdiction, or "it is patent that the case lacks merit and will almost certainly be dismissed." *Ohio Bell Tel. Co. v. Glob. NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008); *see also In re Flint Water Cases*, 960 F.3d 820, 826 (6th Cir. 2020) ("If the defendant files a motion to dismiss based on qualified immunity, the court must stay discovery until that issue is decided." (internal quotation marks and citation omitted)); *Gilbert v. Ferry*, 401 F.3d 411, 416 (6th Cir. 2005), *on reh'g vacated in part*, 413 F.3d 578 (6th Cir. 2005) (finding the district court did not abuse its discretion in staying discovery when the defendants challenged subject-matter jurisdiction).

*Wilson v. ThyssenKrupp Elevator Corp.*, No. 2:20-CV-2138, 2022 WL 1618447, at *3 (S.D. Ohio Feb. 8, 2022).

"The Supreme Court requires that civil-rights actions brought under § 1983 play out in stages to shield government officials from the 'burdens of litigation.'" *In Re Flint Water Cases*, 960 F.3d at 826 (quoting *Kennedy v. City of Cleveland*, 797 F.2d 297, 299–300 (6th Cir. 1986) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 527 (1985))). Where a government official asserts qualified immunity on all claims in a § 1983 action, the court should stay discovery until the immunity issue is resolved. *Id.*

In this case, defendants Milner and Woods assert qualified immunity from plaintiff's Eighth Amendment failure to protect claim, the only claim on which dismissal has not been recommended. Accordingly, the Court will stay discovery and defendants' deadline for responding to plaintiff's motion for summary judgment until the qualified immunity issue is resolved.

### III. Defendants' Motion to Strike Robinson Declaration (Doc. 30) and Defendants' Motion to Strike Document 32 (Doc. 34) Will Be Denied.

Defendants next move to strike the declaration of Shawnterrion Robinson (Doc. 29) pursuant to Federal Rule of Civil Procedure 12(f). (Doc. 30). Defendants also move to strike plaintiff's second response (Doc. 32) to defendants' motion to dismiss. (Doc. 34).

Federal Rule of Civil Procedure 12(f) provides that on motion by a party, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[A]llegations in a pleading are immaterial if they have no essential or important relationship to the claim and are impertinent if they do not pertain, and are not necessary to the issues in question." *Huckleberry v. Kellogg Co.*, No. 1:07-cv-220, 2008 WL 728330, at *2 (S.D. Ohio Mar. 14, 2008) (citation omitted). Whether to apply the rule is in the trial judge's discretion. *Watkins & Son Pet Supplies v. Iams Co.*, 107 F. Supp. 2d 883, 887 (S.D. Ohio 1999), *aff'd*, 254 F.3d 607 (6th Cir. 2001). "Because striking a portion of a pleading is a drastic remedy, such motions are generally viewed with disfavor and are rarely granted." *Id. See also Miller v. U.S. Bank, N.A.*, No. 3:17-cv-55, 2018 WL 466426, at *3 (S.D. Ohio Jan. 18, 2018), *report and recommendation adopted*, 2018 WL 708385 (S.D. Ohio Feb. 2, 2018). In applying Rule 12(f), the court should consider "(1) whether the material has any possible relation to the controversy and (2) whether either party would be prejudiced by allowing the pleading to stand as-is." *Miller*, 2018 WL 466426, at *3 (quoting *Amerine v. Ocwen Loan Servicing LLC*, No. 2:14-cv-15, 2015 WL 10906068, at *1 (S.D. Ohio Mar. 31, 2015)).

As to plaintiff's second response to defendants' motion to dismiss (Doc. 32), defendants properly note that S.D. Ohio Civ. R. 7(a)(2) precludes the filing of more than one response to a motion without leave of court. Even though the Court did not authorize plaintiff's second response (Doc. 32), the Court, in its discretion, declines to exercise the "drastic remedy" of

4

striking a pro se plaintiff's unauthorized pleading, especially since the defendants do not allege any prejudice if it stands. *See Watkins & Son Pet Supplies v. Iams Co.*, 107 F. Supp. 2d at 887. *See also Miller v. U.S. Bank, N.A.*, No. 3:17-cv-55, 2018 WL 466426, at *3. By defendants' own admission, plaintiff's responses are "substantively the same." (Doc. 34 at PAGEID 468).

Similarly, the Court declines to strike the Robinson declaration because it, too, does not prejudice defendants in this case. Robinson declares only that Bates did not leave his cell during the February 2, 2021 incident (Doc. 29), a fact which is not in dispute. Plaintiff alleges that defendants intentionally opened his cell door to permit inmate Ogletree to enter and assault him. (Doc. 1 at PAGEID 11). Defendants allege that plaintiff threw what appeared to be urine and feces onto Ogletree from his cell, and Ogletree then entered Bates' cell to fight. (Doc. 18 at PAGEID 389). As the declaration does not prejudice defendants, there is no need to strike it from the record.

**IV. Plaintiff's Motion for Order that Defendants Reply to Complaint (Doc. 31) Will Be Denied.**

Finally, plaintiff moves the Court to order defendants to reply to his complaint. (Doc. 31). Defendants' motion to dismiss (Doc. 18) constitutes a reply to a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Accordingly, plaintiff is not entitled, at this time, to an order that defendants reply to his complaint.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's motion for order for Andrew Thomas Gatti to follow ODRC Policy 75-MAL-03 Legal Mail (Doc. 24) is **DENIED AS MOOT**.

2. Defendants' motion to stay discovery (Doc. 28) is **GRANTED**.

3. Defendants' motion to strike Robinson declaration (Doc. 30) is **DENIED**.

4. Plaintiff's motion for order that defendants reply to his complaint (Doc. 31) is **DENIED**.

5. Defendants' motion to strike plaintiff's second response (Doc. 34) is **DENIED**.

6. Defendants' motion to stay response deadline (Doc. 43) is **GRANTED**.

7. The Court will address defendants' pending motion to dismiss (Doc. 18) by separate Report and Recommendation.

Date: 1/12/2023

Karen L. Litkovitz
United States Magistrate Judge