## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**ROBERT BATES,**

       **Plaintiff,**

    **v.**

**OHIO DEPARTMENT OF
REHABILITATION AND
CORRECTIONS, *et al.*,**

      **Defendants.**

**Case No. 1:22-cv-337**
**JUDGE DOUGLAS R. COLE**
**Chief Magistrate Judge Litkovitz**

## <u>OPINION AND ORDER</u>

This cause comes before the Court on several Reports and Recommendations. The first, an August 3, 2022, R&R, conducts a sua sponte screening of Plaintiff Robert Bates's Complaint (Doc. 1) under 28 U.S.C. § 1915A and evaluates Bates's Motion for a Preliminary Injunction and Temporary Restraining Order (Doc. 7). The R&R concludes by recommending:

- first, that the Court sever and dismiss without prejudice Bates's claims against Defendants Murry[1], Davis, Hale, Justice, Wellman, Wasmer, Kinner, Gaffin, Harr, Duckworth, Tabor, Kelly, Hayward, Barney, Eaches, Tackett, King, Saville, Harsley, McCloud, Westwood, Holdren, Sparks, and Gillum;

- second, that the Court dismiss with prejudice Bates's claims against Defendants Annette Chambers-Smith, Ron Erdos, Linna Mahlman, and the Ohio Department of Rehabilitation and Corrections ("ODRC");

- third, that the Court deny Bates's Motion for a Preliminary Injunction and Temporary Restraining Order; and

---

[1] Bates's Complaint provides only last names for most of the Defendants in this case. Where first names are available in the record, the Court has endeavored to include them.

- fourth, that the Court certifies under 28 U.S.C. § 1915(e)(2)(B) that any appeal of this Order would not be taken in good faith, therefore denying Bates leave to proceed on appeal in forma pauperis.

(*See* Doc. 13).

A September 26, 2022, R&R (Doc. 20) recommends that the Court deny Bates's motion for immediate administrative transfer (Doc. 17). And a December 8, 2022, R&R (Doc. 40) advises that the Court deny Bates's motion for an immediate transfer or separation order.

For the reasons stated more fully below, the Court **ADOPTS** the August R&R's conclusions—though, in one respect, for slightly different reasons. So the Court (1) **DISMISSES WITHOUT PREJUDICE** all claims against Murry, Davis, Hale, Justice, Wellman, Wasmer, Kinner, Gaffin, Harr, Duckworth, Tabor, Kelly, Hayward, Barney, Eaches, Tackett, King, Saville, Harsley, McCloud, Westwood, Holdren, Sparks, and Gillum; (2) **DISMISSES WITH PREJUDICE** all claims against the ODRC, Chambers-Smith, Erdos, and Mahlman; (3) **DENIES** the Motion for a Preliminary Injunction and Temporary Restraining Order (Doc. 7); and (4) **CERTIFIES** pursuant to 28 U.S.C. § 1915(e)(2)(B) that any appeal of this Order would not be taken in good faith, therefore denying Bates leave to proceed on appeal in forma pauperis.

For the reasons discussed below, the Court also **ADOPTS** the September R&R's conclusions. (Doc. 20). Thus, the Court **DENIES** Bates's Motion for Immediate Administrative Transfer. (Doc. 17). And the Court **ADOPTS** the December R&R. (Doc. 40). Therefore, the Court **DENIES** Bates's Motion for an immediate transfer or separation order. (Doc. 39).

## BACKGROUND

The factual allegations in Bates's Complaint have already been extensively summarized in the August R&R. (*See* Doc. 13, #348–55). In brief: Bates is an inmate at the Southern Ohio Correctional Facility ("SOCF") in Lucasville, Ohio. (Compl., Doc 1, #94). All the Defendants, aside from the ODRC itself, are officers or administrators that the ODRC employs. (*Id.* at #5–8).

In his Complaint, Bates alleges that he has been the victim of many incidents during his confinement. These incidents span a roughly year-long period—beginning in February 2021 and ending in April 2022. (R&R, Doc. 13, #348–55). These include, for example, alleged incidents where officers tried to break Bates's arm (*id.* at #350); threatened to spray him with pepper spray (*id.* at #351); left him in a "filthy cell" where he caught COVID-19 (*id.* at #352); opened his legal mail (*id.* at #353); and denied him access to medical care and cleaning supplies (*id.* at #354). Now, Bates asserts claims against 26 officers employed at the SOCF for, variously, "failure to protect from harm," "cruel and unusual punishment," "deliberate indifference," "negligence," "unprofessional conduct," "failure to perform job duties," and "totality of prison conditions." (Compl., Doc. 1, #11–23).

Along with these claims against individual officers at the SOCF, Bates also asserts claims against various other individuals employed in administrative and supervisory capacities within the ODRC. Bates alleges that Chambers-Smith (ODRC Director) and Erdos (SOCF Warden) are responsible for the actions of their employees at the SOCF. (R&R, Doc. 13, #348). In addition, Bates also asserts claims against Mahlman, an institutional inspector at the SOCF, alleging that she "denied him

3

access to the SOCF grievance procedure, failed to properly investigate his complaints, falsified state documents, covered-up the actions of the other defendants, and retaliated against him by placing him on grievance restriction." (*Id.*). Finally, Bates also alleges that ODRC itself is liable based on the actions of its employees. (*Id.*).

After he filed his Complaint, Bates also moved for a preliminary injunction and temporary restraining order on July 5, 2022. (Doc. 7). There, Bates seeks to enjoin the Defendants "from harassing [him], assaulting [him], allowing [him] to be assaulted, tampering with [his] mail, retaliating against [him], destroying/taking [his] property without cause, and subjecting [him] to cruel and unusual punishment." (*Id.* at #298).

The Magistrate Judge issued an R&R on August 3, 2022. (Doc. 13). There, she recommends that the Court dismiss all of Bates's claims, except for his failure-to-protect claims against Milner and Woods. (*Id.* at #360–61). She also recommends that the Court deny Bates's Motion for a Preliminary Injunction and Temporary Restraining Order. (*Id.* at #363).

Bates then moved for administrative transfer on September 21, 2022. (Doc. 17). There, Bates complains that he "is being targeted and assaulted with no help from SOCF staff or Administration." (*Id.* at #379). Five days later, the Magistrate Judge issued an R&R, in which she recommends denying the motion. (Doc. 20).

Bates later moved for another immediate administrative transfer or separation order. (Doc. 39). There, he complains that he "is being targeted, threatened, verbally harassed, and retaliated against for pursuing legal claims." (*Id.* at #506). A week

4

later, the Magistrate Judge issued another R&R, in which she recommends denying the motion. (Doc. 40).

## LAW AND ANALYSIS

The R&Rs advised the parties that failing to object within 14 days could result in forfeiture of rights on appeal, which includes the right to District Court review. (*See id.* at #365); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R … is forfeiture"); 28 U.S.C. § 636(b)(1)(C). No party has objected to any of the R&Rs.

Still, the advisory committee notes to Fed. R. Civ. P. 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (citing cases). Consistent with that admonition, and as explained in more detail below, the Court has reviewed the R&Rs and determined that they do not contain "clear error on [their] face." Fed. R. Civ. P. 72(b) (advisory committee notes).

## A.    The August R&R Does Not Reflect Clear Error On Its Face.

### 1.    The R&R Conducted An Appropriate § 1915A Screening.

The August R&R (Doc. 13) first screens Bates's Complaint under 28 U.S.C. § 1915A, and appropriately so. "When a prisoner seeks relief from governmental

5

entities, officers, and/or employees, the trial court must review the complaint under 28 U.S.C. § 1915A." *Dye v. Louisville Metro Dep't of Corr.,* No. 3:22-cv-P164, 2022 WL 3570353, at *2 (W.D. Ky. Aug. 18, 2022). Under that section, "the court must dismiss the complaint, or any portion of the complaint, if it determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Id.*

Applying that rule, the R&R first recommends that the Court dismiss as misjoined Bates's claims arising from all but one incident described in his Complaint. As the R&R correctly notes, "[a] plaintiff may not join unrelated claims and various defendants unless the claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences; and … any question of law or fact common to all defendants will arise in the action.'" (Doc. 13, #355 (quoting Fed. R. Civ. P. 20(a)(2))). When claims are misjoined, the proper remedy "is to sever the claims against the unrelated parties and dismiss those claims without prejudice." (*Id.* (quoting *Cage v. Michigan,* No. 16-cv-11679, 2018 WL 3729062, at *2 (E.D. Mich. Aug. 6, 2018))).

Applying that rule here, the Magistrate Judge notes that Bates's Complaint involves claims arising out of multiple different incidents—most of which appear to be unrelated to one another. (*Id.*). The R&R identifies the first incident in Bates's Complaint—an encounter on February 20, 2021, that involved Defendants Woods and Milner. (*Id.* at #356). Bates alleges that Woods was making a list of every inmate who "did not go to chow." (Compl., Doc. 1, #11). While Woods was doing so, Milner (who was "working in the booth") allegedly opened every cell door in Bates's portion of the

prison. (*Id.*). That allowed another inmate—Ogletree—to enter Bates's cell and attack him. (*Id.*). That was so, even though Woods had previously witnessed Ogletree threatening Bates and told him to stop. (*Id.*). Once the incident was over, Bates alleges that Woods also lied in his conduct report "by stating he witnessed the fight," when, in fact, Woods was at that point not within eyeshot. (*Id.* at #12).

Having identified the February 20, 2021, incident, the R&R proceeds by distinguishing between those claims in Bates's Complaint that are "arguably related" to that incident (and are thus properly joined) and those which were not arguably related (and are thus not properly joined). (Doc. 13, #356). The former category includes Bates's claims against Milner and Woods, as well as claims against Defendants who supervised, investigated, and employed Milner and Woods—that is, the ODRC, Chambers-Smith, Erdos, and Mahlman. (*Id.*). The latter category includes all of Bates's claims against the remaining Defendants, which are thus properly dismissed without prejudice. (*Id.*).

Having severed the unrelated claims in Bates's Complaint, the R&R then turns to claims that remain—those against Milner, Woods, the ODRC, Chambers-Smith, Erdos, and Mahlman, relating to that incident. From that group, the Magistrate Judge further recommends that the Court dismiss with prejudice all claims against ODRC, correctly observing that "the state agency is not a 'person' or legal entity that may be sued under 42 U.S.C. § 1983." (Doc. 13, #356–57 (collecting cases)).

The R&R also recommends that the Court dismiss all claims against Chambers-Smith and Erdos. Bates's claims against Chambers-Smith and Erdos

appear to be based on their roles, respectively, as Director of the ODRC and Warden of the SOCF. (*Id.* at #357). But, as the R&R correctly explains, for individual liability to attach under § 1983, "a supervisor must have encouraged the specific incident of misconduct or in some other way directly participated in it." (*Id.* (quoting *Williams v. Hodge*, No. 3:08-0387, 2009 WL 47141, at *4 (M.D. Tenn. Jan. 7, 2009))). Here, Bates offers no allegations that Chambers-Smith or Erdos played any direct role in his injury. Accordingly, the Magistrate Judge correctly concludes that the Court should dismiss the claims against them with prejudice.

Finally, the Magistrate Judge turns to Bates's claims against Mahlman. As the R&R explains, Bates's Complaint asserts various theories of potential liability against Mahlman, who served as an institutional inspector at the SOCF during the relevant time. (Doc. 13, #348). Bates alleges that Mahlman "denied him access to the SOCF grievance procedure, failed to properly investigate his complaints, falsified state documents, covered-up the actions of the other defendants, and retaliated against him by placing him on grievance restriction"—which left Bates "unable to properly document the alleged employee misconduct at SOCF." (*Id.* (citing Compl., Doc. 1, #10)). After considering each of these theories of liability, the Magistrate Judge recommends that the Court dismiss all of them as failing to state a claim.

First, to the extent Bates alleges that Mahlman falsified state documents and covered-up the other Defendants' misconduct, the R&R concludes that these "allegations are conclusory" and do not give rise to any discernable constitutional violation. (*Id.* at #357). Similarly, to the extent Bates alleges that Mahlman's

8

investigations of his grievances were inadequate, this theory similarly fails because "[t]here is no statutory or common law right, much less a constitutional right, to an investigation." (*Id.* at #358 (quoting *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007))).

Next, to the extent Bates argues that Mahlman is liable because she denied him access to the grievance procedure, the R&R concludes that this claim should also fail because a "plaintiff has no federal constitutional right to an effective prison grievance procedure." (*Id.* (collecting cases)). Nor would the outcome change, the R&R adds, if Bates alleged that Mahlman denied him access to the grievance procedure in retaliation for filing his previous grievances. That is because the "[t]he Sixth Circuit repeatedly has held that placement on modified access [to prison grievance procedures] does not constitute an adverse action" necessary to support a First Amendment retaliation claim. (*Id.* (quoting *Weatherspoon v. Williams*, No. 2:14-cv-108, 2015 WL 2106401, at *5 (W.D. Mich. May 6, 2015))). Accordingly, the Magistrate Judge correctly concludes that the Court should dismiss Bates's claims against Mahlman with prejudice.

The Court can discern no error—much less clear error—in the Magistrate Judge's § 1915A screening analysis. So the Court **ADOPTS** that portion of the R&R (Doc. 13) and **DISMISSES WITHOUT PREJUDICE** all claims against Murry, Davis, Hale, Justice, Wellman, Wasmer, Kinner, Gaffin, Harr, Duckworth, Tabor, Kelly, Hayward, Barney, Eaches, Tackett, King, Saville, Harsley, McCloud,

Westwood, Holdren, Sparks, and Gillum, and **DISMISSES WITH PREJUDICE** all claims against the ODRC, Chambers-Smith, Erdos, and Mahlman.

> **2.    The R&R Properly Recommended Denial Of Bates's Motion For A Preliminary Injunction And Temporary Restraining Order.**

After conducting the § 1915A screening, the R&R (Doc. 13) turns to Bates's Motion for a Preliminary Injunction and Temporary Restraining Order. In that Motion, Bates requests that the Court enjoin Defendants "from harassing [him], assaulting [him], allowing [him] to be assaulted, tampering with [his] mail, retaliating against [him], destroying/taking [his] property without cause, and subjecting [him] to cruel and unusual punishment." (Doc. 7, #298).

The R&R recommends that the Court deny Bate's Motion, explaining that "[t]he purpose of a preliminary injunction [is] to preserve the status quo until a trial on the merits can be held." (Doc. 13, #362). Here, though, "[t]he remedy plaintiff presently seeks is more than an injunction maintaining the status quo; he seeks an Order from this Court requiring [D]efendants to affirmatively correct constitutional deficiencies yet to be proven. Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief." (*Id.* at #363).

The Court agrees with the R&R that Bates's proposed injunction should not issue. The Court reaches that conclusion, however, through slightly different reasoning.

"To receive a preliminary injunction, [the movant] must show that (1) [he or] she is likely to succeed on the merits; (2) [he or] she is likely to suffer irreparable harm without such an injunction; (3) the balance of the equities is in [his or] her favor;

and (4) an injunction is in the public interest." *Conyers v. Garrett*, No. 22-1494, 2022 WL 2081475, at \*2 (6th Cir. June 10, 2022) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). In applying these factors, as long as the movant "shows 'some likelihood of success on the merits,' the preliminary-injunction factors must 'be balanced, rather than tallied.'" *Id.* (quoting *Hall v. Edgewood Partners Ins. Ctr., Inc.*, 878 F.3d 524, 527 (6th Cir. 2017)). Similarly, "[i]n determining whether a temporary restraining order should issue, the Court considers the same factors as it would when considering a motion for a preliminary injunction." *Sec. Exch. Comm'n v. Bravata*, No. 09-12950, 2009 WL 2245649, at \*2 (E.D. Mich. July 27, 2009) (citing *Summit Cnty. Dem. Cent. & Exec. Comm. v. Blackwell*, 388 F.3d 547, 550 (6th Cir. 2004)).

Before applying this four-factor analysis, however, courts must consider whether the proposed preliminary injunction would satisfy the requirements of Federal Rule of Civil Procedure 65(d)(1). Under that Rule, "[e]very order granting an injunction … must: (A) state the reasons why it was issued; (B) state its terms specifically; and (C) describe in reasonable detail—and not be referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1).

The Supreme Court has emphasized that "the specificity provisions of Rule 65(d) are no mere technical requirements." *Schmidt v. Lessard,* 414 U.S. 473, 476 (1974). Rather, these provisions serve "two 'important' functions: (1) 'prevent[ing] uncertainty and confusion on the part of those faced with injunctive orders' … and (2) enabl[ing] 'an appellate tribunal to know precisely what it is reviewing.'" *Union*

*Home Mortg. Corp. v. Cromer*, 31 F.4th 356, 362 (6th Cir. 2022) (quoting *Schmidt*, 414 U.S. at 476–77). In light of those interests, "an injunction must be couched in specific and unambiguous terms, such that 'an ordinary person reading the court's order [would be] able to ascertain from the document itself what conduct is proscribed.'" *Id.* (quoting *Scott v. Schedler*, 826 F.3d 207, 211 (5th Cir. 2016)).

Applying those principles, the Sixth Circuit held in *Cromer*, for example, that a district court's injunction was "impermissibly vague" under Rule 65 where it prohibited a defendant from "competing with" the plaintiff. *Id.* at 361–62. As the Sixth Circuit stated, without some explanation from the district court as to what "competing" meant, the injunction left "too much 'guesswork' for [the] defendants to structure their conduct," and thus should not have issued. *Id.* at 363. Similarly, in *Johnson v. Corizon Health, Inc.*, the plaintiff, a prison inmate, requested an injunction directing the defendants, various individuals and entities involved in his incarceration, to "provide appropriate medical care to" the plaintiff. No. 14-1306, 2015 WL 542031, at *1 (W.D. Tenn. Feb. 10, 2015). The Court declined to issue the injunction, explaining that the request was "too vague and ambiguous to satisfy Rule 65(d)(1)(B)." *Id.*

Much as in *Cromer* and *Johnson*, here the injunction Bates seeks is simply too vague to meet Rule 65(d)(1)'s strictures. Bates seeks an injunction: prohibiting the Defendants "from harassing [him], assaulting [him], allowing [him] to be assaulted, tampering with [his] mail, retaliating against [him], destroying/taking [his] property without cause, and subjecting [him] to cruel and unusual punishment." (Doc. 7, #298).

12

Virtually all the key terms in Bates's requested injunction could be subject to various interpretations and would provide "an ordinary person reading the [C]ourt's order" with little clarity about what conduct is proscribed. Because Bates's proposed preliminary injunction is not specific enough to meet the requirements of Rule 65(d)(1), the Court **DENIES** Bates's Motion for a Preliminary Injunction and Temporary Restraining Order. (Doc. 7).

## B.    The September R&R Does Not Contain Clear Error.

The September R&R "construes [Bates's] motion [for administrative transfer pending trial] as a motion for a temporary restraining order/preliminary injunction pursuant to Federal Rule of Civil Procedure 65 because it requests immediate injunctive relief." (Doc. 20, #396). In that motion, Bates requests that the Court transfer him to a new prison for his safety. (Doc. 17, #379).

The R&R recommends that the Court deny Bates's motion for two reasons. "First, '[e]very order granting an injunction and every restraining order' binds only 'the parties,' their 'officers, agents, servants, employees, and attorneys' and certain others 'who are in active concert or participation' with them." (Doc. 20, #397 (citing Fed. R. Civ. P. 65(d)(1) & (2))). But, as the August R&R suggests, and the Court agrees, "the only defendants properly before the Court in this case are Officer Milner and Officer D. Woods." (*Id.*). So, as the September R&R rightly notes, "Rule 65(d)(2) precludes the Court from issuing an injunction requiring unidentified prison officials to transfer plaintiff pending trial in this matter." (*Id.*). Nobody is before this Court who the Court could enjoin in the manner Bates requests.

13

Second, on top of the preliminary injunction rules that the Court laid out earlier, *see supra*, the R&R supplies another relevant rule:

> Because the purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981), the party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and conduct asserted in the complaint.

(Doc. 20, #397–98 (quoting *Cooper v. Bower*, No. 5:15-CV-P249, 2017 WL 3389521, at *3 (W.D. Ky. Aug. 4, 2017) (denying transfer order to assaulted inmate)) (cleaned up)). The R&R notes that Bates does not comply with this rule:

> [Bates] offers two items of evidence in support of his motion: (1) a conduct report indicating that inmate Richey assaulted him on September 11, 2022; and (2) Jones' declaration that Officer Gaffin offered to reward him for assaulting plaintiff more than a year earlier.

(Doc. 20, #398 (citing Doc. 17, #385 and Doc. 9, #320)). Note that Bates has not "link[ed] such evidence to the claims in this case, i.e., that on February 20, 2021, Officers Milner and/or Woods heard inmate Ogletree threaten [Bates], yet failed to protect [Bates] from harm." (*Id.* (citing Doc. 1, #11–12)). So to secure an administrative transfer, Bates would have to offer evidence that he is in danger because of Milner's and Woods's alleged failure to protect him from Ogletree. He has not offered such evidence.

Finally, the R&R rightly notes that "when an incarcerated person asks to enjoin state prison officials, the Court must 'proceed with caution and due deference to the unique nature of the prison setting.'" (*Id.* (citing *White v. Corr. Med. Servs.*, No. 1:08-cv-277, 2009 WL 529082, at *2 (W.D. Mich. Mar. 2, 2009))). The Sixth Circuit

14

has suggested that, in multiple contexts, district courts "owe substantial deference to the professional judgment of prison administrators." *Adkins v. Wolever*, 692 F.3d 499, 506 (6th Cir. 2012) (citing *Beard v. Banks,* 548 U.S. 521, 522 (2006)). As the R&R points out, this means that the already high bar of a preliminary injunction is raised even higher. (Doc. 20, #398). And Bates cannot clear it.

Again, the Court discerns no error in the Magistrate Judge's analysis. So the Court **ADOPTS** the September R&R (Doc. 20) and thus **DENIES** Bates's motion for immediate administrative transfer (Doc. 17).

## C. The December R&R Does Not Reflect Clear Error.

The December R&R considers Bates's "motion for an immediate transfer/separation order, or, in the alternative, to amend his complaint to include a claim that Officers Milner and Woods are unconstitutionally retaliating against him." (Doc. 40, #513 (citing Doc. 39)). The Magistrate Judge denied the latter with an Order, (Doc. 41), to which Bates has not objected, and offered recommendations for the former. So the Court will review the recommendations as to the former motion.

The Magistrate Judge again construed Bates's motion as a motion for a temporary restraining order or preliminary injunction, like she did in the September R&R. (Doc. 40, #513–14). The December R&R offers several reasons for denying the motion, including a familiar one—deference to the judgment of prison officials. (*Id.* at #516).

The R&R also lays out the preliminary injunction standard outlined above. *See supra.* Among several other requirements, the "party requesting a preliminary

injunction must justify the relief sought, including establishing a likelihood of success on the merits." (Doc. 40, #515 (citing *Wilson v. Williams*, 961 F.3d 829, 837 (6th Cir. 2020))). But, as the R&R observed, Bates "has made no attempt to apply the above factors to his situation, and he has failed to present evidence showing he has a substantial likelihood of success on the merits of his constitutional claim." (*Id.*).

Finally, the R&R concludes that "an injunction is not warranted in this case because the purpose of an injunction—to preserve the status quo until a trial on the merits can be conducted—would not be served." (*Id.* at #516 (citing *S. Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991))). The R&R notes that Bates "seeks an Order from this Court directing his transfer from the Southern Ohio Correctional Facility to either the Ohio State Penitentiary or the Toledo Correctional Institution." (*Id.*). Because the "remedy plaintiff seeks is more than an injunction maintaining the status quo," the R&R concludes that an injunction is inappropriate. *(Id.*).

It is true that the Sixth Circuit has, several times, emphasized that "point of a preliminary injunction is to maintain 'the status quo' until the resolution of the case 'on its merits.'" *See, e.g.*, *Adams v. Baker*, 951 F.3d 428, 429 (6th Cir. 2020) (quoting *Burniac v. Wells Fargo Bank, N.A.*, 810 F.3d 429, 435 (6th Cir. 2016)). To be fair though, the Sixth Circuit has also recognized that "[i]f the currently existing status quo itself is causing one of the parties irreparable injury, it is necessary to alter the situation so as to prevent the injury." *United Food & Com. Workers Union, Loc. 1099 v. Sw. Ohio Reg'l Transit Auth.*, 163 F.3d 341, 348 (6th Cir. 1998) (citing *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978)).

16

But Bates must provide evidence of the status quo causing him irreparable injury to have the Court disrupt the status quo in his favor. Yet, as the R&R also notes, Bates only offered statements from three witnesses that Milner and Woods are retaliating against him. (Doc. 40, #514 (citing Doc. 39, #509–511)). These statements are not sworn under oath. (*Id.* at #515). Nor do they comply with the requirements of 28 U.S.C. § 1746, which allows unsworn statements as evidence when the statement includes a declaration under the penalty of perjury that the statement is true. (*Id.* at #515–16). This evidence cannot be enough to overcome the general presumption that preliminary injunctions preserve the status quo, especially when measured against the backdrop of judicial deference to prison officials' judgment.

Again, the Court finds no clear error in the December R&R's (Doc. 40) analysis and therefore **ADOPTS** it. So the Court **DENIES** Bates's motion for an immediate transfer or separation order. (Doc. 39).

## CONCLUSION

For the reasons stated above, the Court **ADOPTS** the August R&R's conclusions (Doc. 13). Thus, the Court (1) **DISMISSES WITHOUT PREJUDICE** all claims against Murry, Davis, Hale, Justice, Wellman, Wasmer, Kinner, Gaffin, Harr, Duckworth, Tabor, Kelly, Hayward, Barney, Eaches, Tackett, King, Saville, Harsley, McCloud, Westwood, Holdren, Sparks, and Gillum; (2) **DISMISSES WITH PREJUDICE** all claims against ODRC, Chambers-Smith, Erdos, and Mahlman; (3) **DENIES** the Motion for a Preliminary Injunction and Temporary Restraining Order (Doc. 7); and (4) **CERTIFIES** under 28 U.S.C. § 1915(e)(2)(B) that any appeal

17

of this Order would not be taken in good faith, therefore denying Bates leave to proceed on appeal in forma pauperis. This case will proceed on Bates's failure-to-protect claims against Milner and Woods.

Further, the Court **ADOPTS** the September and December R&Rs' conclusions as well. (Docs. 20 and 40). So the Court **DENIES** Bates's motion for immediate administrative transfer (Doc. 17) and **DENIES** Bates's motion for immediate transfer or separation order (Doc. 39).

      **SO ORDERED.**

February 13, 2023
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**