# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ROBERT BATES,
    Plaintiff,

      v.

OHIO DEPARTMENT OF
REHABILITATION AND
CORRECTIONS, *et al.*,
    Defendants.

Case No. 1:22-cv-337
Cole, J.
Litkovitz, M.J.

**ORDER AND REPORT AND
RECOMMENDATION**

This matter is before the Court on defendants' motion to dismiss (Doc. 18).  Plaintiff opposed defendants' motion (Docs. 22, 32, and 36),[1] and defendants filed a reply memorandum (Doc. 27).  In addition, plaintiff filed a motion for summary judgment (Doc. 42).  The Court previously granted defendants' motion to stay the deadline to respond to plaintiff's motion for summary judgment and defendants' motion to stay discovery until defendants' motion to dismiss has been resolved.  (Doc. 46).

Plaintiff Robert Bates, a person currently incarcerated at the Southern Ohio Corrections Facility (SOCF), initiated this pro se 42 U.S.C. § 1983 action by filing a 157- page complaint detailing numerous allegations against thirty-one defendants beginning on February 20, 2021 and ending on April 1, 2022.  (Doc. 1).  Because plaintiff's allegations involved numerous unrelated events involving unrelated defendants on different dates, the Court recommended, pursuant to 28 U.S.C. § 1915A, that this case proceed on his first colorable claim – the February 20, 2021

---

[1] Defendants previously sought to strike plaintiff's unauthorized, extraneous response, correctly noting that S.D. Ohio Civ. R. 7(a)(2) permits only a single response to any motion without leave of court. (Doc. 34). However, deeming it non-prejudicial to defendants, the Court declined to strike plaintiff's unauthorized response. (Doc. 46).

Eighth Amendment failure-to-protect claim against Corrections Officers Milner and Woods.  The remaining claims have been dismissed either with or without prejudice.  (Doc. 48).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants Milner and Woods now move to dismiss Bates' claim against them for failure to state a claim upon which relief may be granted.  Specifically, defendants contend that Bates has failed to plead facts sufficient to establish that they violated Bates' Eighth Amendment rights.  (Doc. 18 at PAGEID 390-92).  Alternatively, defendants contend that they are entitled to qualified immunity.  (*Id.* at PAGEID 392-93).  Plaintiff disagrees.

## I.  Background

Bates alleges that, on February 20, 2021, defendant Woods was taking a list of inmates that declined to attend "chow" when he observed inmate Ogletree threatening Bates from inside his cell.  (Doc. 1, at PAGEID 11).  Specifically, Bates alleges that inmate Ogletree yelled "at the top of his lungs" that he intended to "wack" Bates after chow.  (*Id.*).  Woods ordered Ogletree to stop making threats and quiet down.  (*Id.*).  Woods then walked into the control booth.  (*Id.*).  When Ogletree failed to comply, Woods returned and "shook down" Ogletree's cell for failure to comply with a direct order.  (*Id.*).  Defendant Milner, according to Bates, was working the control booth on February 20, 2021.  Bates alleges that Milner deliberately opened every door on the range simultaneously, intentionally allowing Ogletree to attack Bates while Bates remained in his cell.  (*Id.*).  In addition, Bates alleges, Woods "lied" on a conduct report, even though he was unable to see the attack, to make it seem that Bates and Ogletree engaged in a mutual fight rather than that he and Milner allowed Ogletree to attack Bates.  (*Id.* at PAGEID 12).

## II.  Defendants' Motion to Dismiss (Doc. 18) Should be Denied

### A.  Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, a complaint must comply with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Rule 8(a)).

A complaint must include sufficient facts to state a claim that is plausible on its face and not speculative. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Mere "labels and conclusions [or] a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. A district court examining the sufficiency of a complaint must accept well-pleaded facts as true, but not legal conclusions or legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678–79.

It is well-settled that a document filed pro se is "to be liberally construed" and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Sixth Circuit has also recognized, however, that this liberal construction does not come at the expense of "abrogat[ing] basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citations omitted).

### B. Plaintiff Has Alleged Facts Sufficient to State an Eighth Amendment Claim for Failure to Protect

The Eighth Amendment protects incarcerated people from "cruel and unusual punishments." U.S. Const. amend. VIII. The "prohibition of cruel and unusual punishments requires prison officials to 'ensure that inmates receive adequate food, clothing, shelter, and

medical care, and [to] take reasonable measures to guarantee the safety of the inmates.'" *Zakora v. Chrisman*, 44 F.4th 452, 467 (6th Cir. 2022) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).  "Such a guarantee requires prison officials 'to protect prisoners from violence at the hands of other prisoners.'" *Price v. Ohio Dep't of Rehab. & Corr.*, No. 1:19-cv-740, 2023 WL 32838, at *5 (S.D. Ohio Jan. 3, 2023) (Cole, J.) (quoting *Farmer*, 511 U.S. at 833).

While "'prison officials have a duty [under the Eighth Amendment] to protect prisoners from violence at the hands of other prisoners,' it is equally clear that not 'every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials.'" *Reedy v. West*, 988 F.3d 907, 912 (6th Cir. 2021) (quoting *Farmer*, 511 U.S. at 833-34).  To establish an Eighth Amendment failure-to-protect claim, a plaintiff must satisfy both an objective and a subjective component by demonstrating that:  "(1) the alleged mistreatment was objectively serious; and (2) the defendant subjectively ignored the risk to the inmate's safety." *Zakora*, 44 F.4th at 468 (quoting *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011)).

### 1. Objective Component

"The objective part requires the inmate to show incarceration 'under conditions posing a substantial risk of serious harm.'" *Price*, 2023 WL 32828, at *5 (quoting *Farmer*, 511 U.S. at 834).  As the Sixth Circuit explained:

> Even where a serious injury occurs, the objective prong of a failure-to-protect claim requires an analysis of the risk to the injured party before the alleged injury occurred.  This analysis must consider the likelihood of harm to the injured party in the context of the circumstances that led to the injury.  *See Reedy v. West*, 988 F.3d 907, 909, 912-14 (6th Cir. 2021) (concluding that, although the plaintiff had suffered a "brutal assault" at the hands of his cellmate, the objective prong was not met because general disagreements between the cellmates before the incident did not present a substantial risk of harm) . . . .

*Zakora*, 44 F.4th at 469-70.  While general disagreements or unsupported idle threats, without more, are insufficient to establish a substantial risk of serious harm, knowledge that an inmate

intends to seriously assault another inmate can be enough to satisfy the objective component. *See Smith v. Rubley*, No. , 2022 WL 1436380, at \*8-9 (W.D. Mich. Oct. 25, 2022) (knowing inmate intended to assault plaintiff inmate and opening cell door to facilitate assault sufficient to state Eighth Amendment claim); *see also Bishop v. Hackel*, 636 F.3d 757, 761-762, 766 (6th Cir. 2011) (objective element satisfied where plaintiff was "small," "young," "suffering from severe mental illness," and had to share a cell with "older, stronger, predatory inmate" who "had been charged with multiple counts of criminal sexual conduct"); *Hamilton v. Eleby*, 341 F. App'x 168, 171 (6th Cir. 2009) (objective element satisfied where prison official knew plaintiff's documents were used to prosecute Aryan Brotherhood member for murder, plaintiff received death threat, and Aryan Brotherhood previously harmed plaintiff in different prison); *Vandevender v. Sass*, 970 F.3d 972, 976 (8th Cir. 2020) (objective component generally satisfied in inmate-on-inmate assault cases only if attacker was known to be dangerous or had previously threatened or fought victim inmate).

In this case, plaintiff alleges that Woods witnessed inmate Ogletree threaten to "wack" plaintiff after chow; Woods ordered Ogletree to "stop making threats"; Woods went into the booth with Milner; while in the booth with Milner, Woods witnessed Ogletree continue to threaten plaintiff; and Woods exited the booth and "shook down" Ogletree's cell for continuing to threaten plaintiff. (Doc. 1 at PAGEID 11). Plaintiff remained in his cell rather than attend chow. After chow, plaintiff alleges, Woods positioned himself near "the crash gate on the low side of L3" rather than near plaintiff's cell where he could protect plaintiff from Ogletree. (*Id.* at PAGEID 11-12). Meanwhile, plaintiff alleges, Milner "opened up every door on the 1-20 range violating safety protocol . . . [and] intentionally and deliberately allowed inmate Ogletree access to attack and assault" plaintiff. (Doc. 1 at PAGEID 11). As plaintiff alleges that both Woods

5

and Milner were aware of Ogletree's specific threats to "wack" plaintiff after chow and that

Woods and Milner either allowed the attack or facilitated the attack, plaintiff has alleged facts

sufficient to satisfy the objective component of his failure-to-protect claim.

### 2. *Subjective Component*

The subjective component "requires the inmate to show 'that the individual defendants

(1) were aware of facts from which the inference could be drawn that a substantial risk of serious

harm exists; (2) actually drew the inference; and (3) consciously disregarded the risk.'" *Price*,

2023 WL 32838, at *5 (quoting *Westmoreland v. Butler Cty.*, 29 F.4th 721, 726 (6th Cir. 2022)).

"In determining whether an official was deliberately indifferent, we focus on the individual

official's personal involvement, knowledge, and actions." *Reedy*, 988 F.3d at 914. "[T]hreats

between inmates are common and do not, under all circumstances, serve to impute actual

knowledge of a substantial risk of harm." *Varmado-El v. Martin*, 52 F. App'x 764, 766 (6th Cir.

2002) (quoting *Prater v. Dahm*, 89 F.3d 538, 541 (8th Cir. 1996)) (granting summary judgment

where corrections officer believed name calling and threatening during basketball game "was

part of the natural pushing and shoving that accompany a basketball game" and failed to draw

the inference that plaintiff was at substantial risk of serious harm). However, "a factfinder may

conclude that a prison official knew of a substantial risk from the very fact that the risk was

obvious." *Zakora*, 44 F.4th at 472.

In this case, plaintiff alleges that Woods and Milner failed to protect him from Ogletree's

announced attack. The Court must examine each defendant's knowledge and actions

individually. *Id.*

Plaintiff alleges that Officer Woods heard Ogletree's threats to attack plaintiff after chow.

According to plaintiff, Woods heard those threats from outside the booth (where Woods ordered

6

Ogletree to stop) and from inside the booth (from which Woods emerged to shake down

Ogletree's cell for continuing to threaten plaintiff). (Doc. 1 at PAGEID 11). Plaintiff further

alleges that "Woods "had first hand knowledge of threats made to 'wack me' . . . knew that their

[sic] was a substantial risk I would be seriously harmed and failed to respond reasonably" by

positioning himself near the crash gate at the time of the threatened attack rather than near

plaintiff's cell and by misrepresenting his position in the conduct report. (*Id.* at PAGEID 11-12).

Plaintiff has sufficiently alleged that Woods was aware of facts from which the inference could

be drawn that a substantial risk of serious harm exists; that Woods actually drew the inference;

and that Woods consciously disregarded the risk. Therefore, plaintiff has alleged facts sufficient

to satisfy the subjective component of his failure-to-protect claim against Woods.

As for Officer Milner, plaintiff alleges that Woods heard Ogletree's continued threats

while Woods was in the booth with Milner. (Doc. 1 at PAGEID 11). After chow, plaintiff

alleges, Milner "opened up every door on the 1-20 range" in violation of safety and security

policies to "intentionally and deliberately allow[ ] inmate Ogletree access to attack and assault

me as he did run into my cell." (*Id.*). While plaintiff does not specifically allege that Milner

heard the threats, he does allege that Woods heard the threats while in the booth with Milner.

(*Id.*). In addition, plaintiff suggests that Milner actually drew the inference that Ogletree's

threats created a substantial risk of serious harm to plaintiff by alleging that Milner took the

unusual step of opening all 20 doors simultaneously to facilitate Ogletree's attack on plaintiff

while plaintiff remained in his cell. (*Id.*) Accordingly, plaintiff has alleged facts sufficient to

satisfy the subjective component of his failure-to-protect claim against Milner.

**C. Qualified Immunity**

7

Defendants Woods and Milner contend that they are entitled to qualified immunity on plaintiff's Eighth Amendment failure-to-protect claim.  (Doc. 18 at PAGEID 392-93).  Qualified immunity shields government officials from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Murray v. Ohio Dep't of Corr.*, 29 F.4th 779, 786 (6th Cir. 2022) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  To overcome a claim of qualified immunity, a plaintiff must demonstrate "(1) 'that government officials violated a constitutional right,' and (2) 'that the unconstitutionality of their conduct was clearly established when they acted.'"  *Id.* (quoting *Beck v. Hamblen Cty.*, 969 F.3d 592, 598 (6th Cir. 2020)).  "For a right to be clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."  *Howell v. NaphCare, Inc.*, ___ F.4th ___, 2023 WL 3163323, at *9 (6th Cir. May 1, 2023) (quoting *Burwell v. City of Lansing*, 7 F.4th 456, 476 (6th Cir. 2021)).  Although the illegality of the conduct must be apparent considering the law as it existed at the time, courts "need not find a case in which the very action in question has previously been held unlawful."  *Id.* (quoting *Burwell*, 7 F.4th at 476-77).  When raised in a motion to dismiss, a defendant pleading qualified immunity obtains dismissal before commencing discovery "[u]nless the plaintiff's allegations state a claim of violation of clearly established law."  *Crawford v. Tilley*, 15 F.4th 752, 760 (6th Cir. 2021) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

The Court determined above that plaintiff adequately alleged an Eighth Amendment failure-to-protect claim.  Defendants do not argue that Eighth Amendment law was not clearly

8

established,[2] but instead contend that they are entitled to qualified immunity because "plaintiff created the events giving rise to the alleged attack."  (Doc. 18 at PAGEID 393).  However, plaintiff disputes Woods' conduct report statement that plaintiff threw what appeared to be urine or feces at Ogletree prior to the attack.  (Doc. 1 at PAGEID 26-27) (calling Woods' statement "fabricated"); (Legg Dec., Doc. 47 at PAGEID 559).  At this pre-discovery stage of litigation, the Court must accept plaintiff's well-pleaded factual allegations as true.  *Crawford*, 15 F.4th at 760.  Accordingly, defendants' qualified immunity claim should be denied without prejudice.

### III.  Plaintiff's Motion for Summary Judgment (Doc. 42) Should Be Denied at This Time

#### A.  Rule 56 Standard

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  A grant of summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."  *Satterfield v. Tennessee*, 295 F.3d 611, 615 (6th Cir. 2002).  The Court must evaluate the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party.  *Id.*; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Little Caesar Enters., Inc. v. OPPC, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

---

[2] Indeed, courts have repeatedly recognized that the duty to protect incarcerated people from inmate-on-inmate violence is clearly established.  *See., e.g., Richko v. Wayne Cty. Mich.*, 819 F.3d 907, 915 (6th Cir. 2016); *Williams v. McLemore*, 247 F. App'x 1, 12 (6th Cir. 2007).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249. The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587.

"When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). However, "[f]acts that are not blatantly contradicted by [the evidence] remain entitled to an interpretation most favorable to the non-moving party." *Coble v. City of White House, Tenn.*, 634 F.3d 865, 870 (6th Cir. 2011). "In response to a properly supported summary judgment motion, the non-moving party 'is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *Maston v. Montgomery Cty. Jail Med. Staff Pers.*, 832 F. Supp. 2d 846, 849 (S.D. Ohio 2011) (quoting *Sixty Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)).

A fact is "material" if its resolution will affect the outcome of the lawsuit. *Beans v. City of Massillon*, No. 5:15-cv-1475, 2016 WL 7492503, at *5 (N.D. Ohio Dec. 30, 2016), *aff'd,* No. 17-3088, 2017 WL 3726755 (6th Cir. 2017) (citing *Anderson*, 477 U.S. at 248). The party who seeks summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate

10

the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 322.  To make its

determination, the court "need consider only the cited materials, but it may consider other

materials in the record."  Fed. R. Civ. P. 56(c)(3).  The party opposing a properly supported

motion for summary judgment "may not rest upon the mere allegations or denials of his

pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."

*First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968).

Because plaintiff is a pro se litigant, his filings are liberally construed.  *Williams v.

Curtin*, 631 F.3d 380, 383 (6th Cir. 2011); *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir.

2005).  However, a party's status as a pro se litigant does not alter the party's duty on a summary

judgment motion to support his factual assertions with admissible evidence.  *Maston*, 832 F.

Supp. 2d at 851-52 (citing *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir.

2010)).

**B. Plaintiff has Failed to Offer Evidence Sufficient to Establish his Entitlement to Summary Judgment Against Either Defendant**

To be entitled to summary judgment, plaintiff must offer admissible evidence sufficient

to demonstrate that there is no genuine issue as to any material fact and that he is entitled to

judgment as a matter of law on each element of his claims.  Fed. R. Civ. P. 56(c).  As defendants

are the non-moving parties, the Court must evaluate the evidence submitted in the light most

favorable to Woods and Milner.  *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*, 475 U.S.

574, 587 (1986); *Little Caesar Enters., Inc. v. OPPC, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

As discussed more fully above, the Eighth Amendment imposes on prison officials a duty

to protect prisoners from violence at the hands of other prisoners.  *Reedy*, 988 F.3d at 912;

*Farmer*, 511 U.S. at 833-34.  To establish an Eighth Amendment failure-to-protect claim, a

plaintiff must satisfy both the objective and a subjective component by demonstrating that:  "(1)

the alleged mistreatment was objectively serious; and (2) the defendant subjectively ignored the risk to the inmate's safety." *Zakora*, 44 F.4th at 468 (quoting *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011)).  The subjective component "requires the inmate to show 'that the individual defendants (1) were aware of facts from which the inference could be drawn that a substantial risk of serious harm exists; (2) actually drew the inference; and (3) consciously disregarded the risk.'" *Price*, 2023 WL 32838, at *5 (quoting *Westmoreland v. Butler Cty.*, 29 F.4th 721, 726 (6th Cir. 2022)).

In this case, plaintiff has failed to offer evidence sufficient to establish the subjective component of his failure-to-protect claim against either officer.  Plaintiff offers statements from inmate Shawnterrion Robinson and from inmate Robert Legg that when Ogletree returned from chow, "Officer Woods was standing at the crash gates" and "Officer Milner opened up every door on the 1-20 range and Ogletree ran into Bates cell" to assault him.  (Doc. 47 at PAGEID 558-59; Doc. 29 at PAGEID 439).  While plaintiff has alleged that Officer Milner intentionally opened cells 1-20 to facilitate Ogletree's assault of plaintiff, Rule 56 requires plaintiff to offer evidence establishing that fact.  Plaintiff has failed to do so.

Similarly, plaintiff alleges that Woods heard Ogletree threaten him, understood that plaintiff was at substantial risk of serious harm from Ogletree, and consciously disregarded the risk.  However, he has failed to offer evidence sufficient to establish those facts.  In addition, Woods stated in his conduct report that plaintiff initiated the physical altercation by throwing "what appeared to be urine and feces at Inmate Ogletree." (Doc. 1 at PAGEID 26).  Thus, even though discovery has not been completed, it appears that the material facts in this case are not undisputed.  Therefore, plaintiff's motion for summary judgment should be denied.

**IT IS THEREFORE ORDERED THAT:**

The discovery stay is lifted.

**IT IS THEREFORE RECOMMENDED THAT:**

1.  Defendants' motion to dismiss (Doc. 18) be **DENIED**; and

2.  Plaintiff's motion for summary judgment (Doc. 42) be **DENIED**.


Date: _5/12/2023_                                  _____

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

ROBERT BATES,
      Plaintiff,

      vs.

OHIO DEPARTMENT OF
REHABILITATION AND
CORRECTIONS, *et al.*,
      Defendants.

Case No. 1:22-cv-337

Cole, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).