# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**ROBERT BATES,**

    **Plaintiff,**

  v.

**OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS,** *et al.***,**

    **Defendants.**

**Case No. 1:22-cv-337**
**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Litkovitz**

## OPINION AND ORDER

Robert Bates, a pro se prisoner, sues two corrections officers under an Eighth Amendment failure-to-protect theory. The officers move to dismiss for failure to state a claim, while Bates moves for summary judgment against them. In a Report & Recommendation, the Magistrate Judge suggests denying both motions. The Court agrees. So the Court **ADOPTS** the R&R (Doc. 49), **DENIES** the officers' Motion to Dismiss (Doc. 18), **DENIES** Bates's Motion for Summary Judgment (Doc. 42), and **OVERRULES** Bates's Objections (Doc. 50).

## BACKGROUND

The factual allegations in Bates's Complaint have already been set out by the Magistrate Judge in previous R&Rs and by this Court in previous opinions. The Court, thus, won't duplicate all those facts here. Instead, the Court will offer basic context and recount what has happened since the R&R (Doc. 49).

Bates is an inmate suing several officers and administrators within the Ohio Department of Rehabilitation and Corrections. (*Id.* at #579). This Court dismissed several of his claims and let him proceed on claims against two corrections officers, Woods and Milner, for their failure to protect him from being attacked by another inmate, Ogletree. (Op. and Order, Doc. 48, #578; Doc. 49, #580).

The officers move to dismiss (Doc. 18), arguing that "Bates has failed to plead facts sufficient to establish that they violated Bates' Eighth Amendment rights," and also asserting that "they are entitled to qualified immunity." (Doc. 49, #580). Bates meanwhile moves for summary judgment on his failure-to-protect claim. (Doc. 42). The Magistrate Judge stayed briefing on the motion for summary judgment until she dealt with the motion to dismiss. (Doc. 46). In an R&R, she recommends denying both. (Doc. 49). Nobody objects to her recommendation regarding the officers' motion to dismiss. But Bates objects to her recommendation regarding his motion for summary judgment. (Doc. 50). He argues that the Court should grant his motion because the officers did not respond to it. (*Id.*). The officers respond that his objections are general, not specific. (Doc. 51). The matter is now ripe for review.

## LEGAL STANDARD

Under Fed. R. Civ. P. 72(b)(3), district courts review an R&R de novo after a party files a timely objection. This review, however, applies only to "any portion to which a proper objection was made." *Richards v. Colvin*, No. 2:12-cv-748, 2013 WL 5487045, at *1 (S.D. Ohio Sept. 30, 2013). In response to such an objection, "[t]he district court 'may accept, reject, or modify the recommended disposition; receive

2

further evidence; or return the matter to the magistrate judge with instructions.'" *Id.* (quoting Fed. R. Civ. P. 72(b)(3)).

By contrast, if a party makes only a general objection, that "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Boyd v. United States*, No. 1:16-cv-802, 2017 WL 680634, at *1 (S.D. Ohio Feb. 21, 2017). A litigant must identify each issue in the R&R to which he objects with sufficient clarity that the Court can identify it, or else the litigant waives the issue. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

That said, Bates is proceeding pro se. A pro se litigant's pleadings are to be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But pro se litigants still must comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993). And "the liberal treatment of pro se pleadings does not require the lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Steart*, No. 08-1521, 2020 WL 8738105, at *3 (6th Cir. May 5, 2010).

For unobjected portions of the R&R, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the

3

recommendation." *See Redmon v. Noel*, No. 1:21-CV-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

## LAW AND ANALYSIS

### I. The Motion to Dismiss

The Magistrate Judge recommends denying the motion to dismiss. No party objects to this recommendation, so the Court must review only for clear error.

She first sets out the basic motion-to-dismiss standard—"[a] complaint must include sufficient facts to state a claim that is plausible on its face and not speculative." (Doc. 49, #581 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007))). Then she sets out the standard for an Eighth Amendment failure-to-protect claim—"(1) the alleged mistreatment was objectively serious; and (2) the defendant subjectively ignored the risk to the inmate's safety." (*Id.* at #582 (internal quotation marks omitted) (quoting *Zakora v. Chrisman*, 44 F.4th 452, 468 (6th Cir. 2022) (quoting *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011))).

She starts with the objective component. The Magistrate Judge explains that this requires the inmate to allege that he endures "conditions posing a substantial risk of serious harm." (*Id.* (internal quotation marks omitted) (quoting *Price v. Ohio Dep't of Rehab. & Corr.*, No. 1:19-cv-740, 2023 WL 32838, at *5 (S.D. Ohio Jan. 3, 2023))). And "knowledge that an inmate intends to seriously assault another inmate can be enough to satisfy the objective component." (*Id.* at #582–83 (collecting cases)).

As the Magistrate Judge notes, Bates alleges that Officer Woods and Officer Milner were aware of Ogletree's threats to him and either allowed or facilitated the

4

attack. (*Id.* at #583–84). The Magistrate Judge correctly concludes that this is "sufficient to satisfy the objective component of his failure-to-protect claim." (*Id.* at #584). The Court finds no clear error here.

The Magistrate Judge then moves on to the subjective component. The Magistrate Judge explains that this requires Bates to allege "that the individual defendants (1) were aware of facts from which the inference could be drawn that a substantial risk of serious harm exists; (2) actually drew the inference; and (3) consciously disregarded the risk." (*Id.* at #584 (internal quotation omitted) (quoting *Price*, 2023 WL 32838, at *5)). And "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." (*Id.* (internal quotations omitted) (quoting *Zakora*, 44 F.4th at 472)).

She begins by examining Officer Woods. Bates alleges that Woods "heard Ogletree's threats to attack plaintiff," "ordered Ogletree to stop," shook "down Ogletree's cell for continuing to threaten" Bates, positioned himself away from Bates's cell "at time of the threatened attack," and "misrepresent[ed] his position in the conduct report." (*Id.* at #584–85). These allegations have yet to be proven, but they are more than enough to satisfy the subjective component at the motion-to-dismiss stage. The Court finds no clear error here either.

She then moves on to Officer Milner. She explains that while Bates "does not specifically allege that Milner heard the threats, he does allege that Woods heard the threats while in the [guard] booth with Milner." (*Id.* at #585). Drawing every inference in favor of Bates and liberally construing his pleading, given his pro se

5

status, it is reasonable to conclude that he is alleging a fact (their physical proximity) that makes it plausible that Milner heard the threats too.[1] And Bates alleges that "Milner opened up every door [in Bates's cell block] in violation of safety and security policies to intentionally and deliberately allow inmate Ogletree access to attack and assault" Bates in his cell. (*Id.* at #585 (cleaned up)). These allegations also satisfy the subjective component, and the Court sees no clear error.

Finally, the Magistrate Judge considers the officers' assertion of qualified immunity. To begin, note that the Magistrate Judge is not mistaken for considering qualified immunity at the motion-to-dismiss stage. Unlike other affirmative defenses, which are typically considered later, "a qualified immunity defense *can* be raised at various stages of the litigation including at the pleading stage in a motion to dismiss, after discovery in a motion for summary judgment, or as an affirmative defense at trial." *Eng. v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994) (emphasis added). But when qualified immunity is *raised* is different from when it is *granted*. "Although an officer's entitlement to qualified immunity is a threshold question to be resolved at the earliest possible point, that point is usually summary judgment and not dismissal under Rule 12," because qualified immunity is such a fact-dependent inquiry. *Wesley v. Campbell*, 779 F.3d 421, 433–34 (6th Cir. 2015). Here, that typical timeline proves true once more. It is too early to tell whether the officers are entitled to qualified immunity.

---

[1] In his objections, Bates complains about the Court inferring an allegation that Milner heard the threats, (Doc. 50, #627), but that is likely because Bates does not realize that this inference actually helps him. As Bates is proceeding pro so, the Court will liberally construe his arguments in his favor.

6

The Magistrate Judge begins her qualified immunity analysis by setting out the relevant standard—"[t]o overcome a claim of qualified immunity, a plaintiff must demonstrate (1) that government officials violated a constitutional right, and (2) that the unconstitutionality of their conduct was clearly established when they acted." (Doc. 49, #586 (citing *Murray v. Ohio Dep't of Corr.*, 29 F.4th 779, 786 (6th Cir. 2022))).

The officers say that "they are entitled to qualified immunity because 'plaintiff created the events giving rise to the alleged attack.'" (*Id.* at #587 (citing Doc. 18, #393). They cite Woods' conduct report which says that he witnessed Bates "throw what appeared to be urine and feces at Inmate Ogletree." (Doc. 18, #389 (citing Compl., Doc. 1, #26)). But Bates disputes that. (Doc. 1, #26–27). The Magistrate Judge rightly notes that "[a]t this pre-discovery stage of litigation, the Court must accept plaintiff's well-pleaded factual allegations as true." (Doc. 49, #587 (citing *Crawford v. Tilley*, 15 F.4th 752, 760 (6th Cir. 2021))). At least for now, then, the officers are not entitled to qualified immunity. So the Court **ADOPTS** this portion of the R&R (Doc. 49) and **DENIES** the Motion to Dismiss (Doc. 18).

## II.   The Motion for Summary Judgment

The Magistrate Judge recommends denying the motion for summary judgment. Bates offers objections, but they only center on the Magistrate Judge denying summary judgment despite the officers not responding to Bates's motion. (*See* Doc. 50, #625–30). So the Court reviews that decision de novo but only reviews the rest of her analysis for clear error.

7

The Magistrate Judge starts by laying out the relevant standard—drawing all inferences in favor of the non-moving party, the Court grants summary judgment when "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." (Doc. 49, #587 (citing *Satterfield v. Tennessee*, 295 F.3d 611, 615 (6th Cir. 2002))).

As noted, though, Bates's argument doesn't really turn on that standard. Rather, he says that, because the officers failed to respond to his motion for summary judgment, he is entitled to it.[2] Not so. "[A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded." *Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 F. App'x 374, 381 (6th Cir. 2011) (internal quotation marks omitted) (quoting *Carver v. Bunch,* 946 F.2d 451, 454–55 (6th Cir. 1991)). Instead, the Court must "examine the movant's motion for summary judgment to ensure that he has discharged [his] burden" at summary judgment. *Id*. So despite the officers not responding, Bates must still show he is entitled to judgment as a matter of law and there is no genuine issue of material fact. He has not made that showing.

The Magistrate Judge concluded that Bates had not shown that he was entitled to judgment as a matter of law because he "failed to offer evidence sufficient to establish the subjective component of his failure-to-protect claim against either officer." (Doc. 49 at #590). She says that while Bates provides evidence establishing that Woods was not near Bates's cell and Milner opened all the cells in Bates's block,

---

[2] Note too that the officers did not respond because the Magistrate Judge stayed the briefing for the summary judgment motion. There is no way Bates can argue they are at fault.

8

that evidence does not go as far as establishing that the officers *intentionally* facilitated Ogletree's assault or *consciously* disregarded the risk of such an assault. (*Id.*). The Court sees no clear error here.

She also identifies a genuine dispute of material fact. In his report, Woods alleges that Bates started the fight by throwing urine and feces at Ogletree. (*Id.*). This is a very different story from the one Bates tells. A jury, not the Court, needs to sort out that factual dispute. Thus, again, the Court sees no clear error in this analysis. So the Court **ADOPTS** this portion of the R&R (Doc. 49) and **DENIES** the Motion for Summary Judgment (Doc. 42).

## CONCLUSION

For the reasons stated above, the Court **ADOPTS** the R&R (Doc. 49), **DENIES** the officers' Motion to Dismiss (Doc. 18), **DENIES** Bates's Motion for Summary Judgment (Doc. 42), and **OVERRULES** Bates's Objections (Doc. 50).

**SO ORDERED.**

July 5, 2023
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**