**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| ROBERT BATES, | Case No. 1:22-cv-488 |
|     Plaintiff, | |
| | McFarland, J. |
| vs | Bowman, M.J. |
| STEPHEN HALE, et al., | |
|     Defendants. | |

**MEMORANDUM OPINION AND ORDER**

This pro se prisoner civil rights case was recently referred back to the undersigned to consider the appointment of counsel for both a court-facilitated mediation, and (if necessary) for a jury trial before U.S. District Judge McFarland.

**I.      Background**

Pursuant to local practice, this case was referred to the undersigned magistrate judge for initial consideration. In his complaint, Plaintiff sought to hold eight individuals liable for alleged violations of the Eighth Amendment that occurred on May 8, 2021. After initial screening, Plaintiff was permitted to proceed with claims based on two related incidents. In the first, a conditions-of-confinement claim, Plaintiff alleged that two Corrections Officers (Murray and Davis) sprayed a bottle of urine on his bed and floor. In the second, Plaintiff alleged that Defendants Kinner, Hale, Wasmer, Justice, and Wellman used excessive force against him in the infirmary while Nurse Sammons watched and failed to intervene.

On November 7, 2023, the undersigned filed a Report and Recommendation ("R&R") that ruled on the parties' cross-motions for summary judgment. In that R&R, the

Court denied Plaintiff's motion and partially granted Defendants' motion as to the conditions-of-confinement claim against Defendants Murray and Davis. But the Court denied summary judgment to five Defendants on the excessive force claim, reasoning that "a reasonable jury could conclude that five Defendants violated Plaintiff's Eighth Amendment rights through the excessive use of force in the infirmary, and that Defendant Sammons violated his rights by failing to intervene." (Doc. 44). On January 8, 2024, the presiding district judge adopted that R&R for the opinion of the Court. (Doc. 47).

Currently pending are: (1) Plaintiff's motion for an order to permit the parties to participate in the Court's pro se mediation program; (2) Defendants' motion to stay the case for 60 days while they attempted to reach a global resolution of this matter and two other cases (Nos. 1:22-cv-337-DRC-KLL and 1:23-cv-16-JPH-KLL)[1] without the assistance of this Court; and (3) Plaintiff's motion for the appointment of counsel. (*See* Docs. 46, 48, 50).

**II.    Analysis**

Defendants' motion for a 60-day stay was filed on March 15, 2024. At this juncture, more than 60 days have elapsed in which the Defendants have sought to achieve a global settlement without success. Therefore, the Court will appoint counsel, Attorney Ben White, for the limited purpose of representing Plaintiff at a Court-facilitated mediation to be set in the near future by separate Order.

If the parties are unable to reach resolution of their dispute through the Court-facilitated mediation, and if a jury trial is necessary in the above-captioned case, Mr. White

---

[1]Discovery has closed and no motions are currently pending in either case of the cases referred to Magistrate Judge Litkovitz. In both cases, the parties recently indicated their mutual intent to resolve all three cases during Court-facilitated mediation if possible. To permit time for that to happen, Magistrate Judge Litkovitz has stayed both cases.

has agreed to consider additional representation of Plaintiff at trial in *this* case. "The appointment of counsel to civil litigants is a decision left to the sound discretion of the district court." *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). Ordinarily, this Court does not appoint counsel in the absence of exceptional circumstances. Here, however, in part because a limited number of Plaintiff's claims in this case have survived summary judgment, "enough exceptional circumstances" exist to warrant such appointment. *See Harrison v. Diamond Pharm. Servs.*, No. 4:21-cv-63-BJB, ___ F. Supp.3d ___, 2023 U.S. Dist. LEXIS 223598, *9. (W.D. Ky. Dec. 15, 2023). The initial appointment of counsel for Plaintiff for the purpose of mediation will not only be a service to the indigent Plaintiff, but also will benefit the Court mediator and potentially the defendants as well. *Id.*

### III. Conclusion and Order

For the reasons stated, **IT IS ORDERED THAT:**

1. Plaintiff's motion seeking participation in a Court-facilitated mediation (Doc. 46) is GRANTED;

2. Defendants' motion for a 60-day stay of the date of Court-facilitated mediation (Doc. 48) is DENIED AS MOOT;

3. Plaintiff's motion seeking the appointment of counsel in this case (Doc. 50) is GRANTED;

4. Attorney Ben White is hereby appointed for the limited purpose of representing Plaintiff in the above-captioned case and in Case Nos. 1:22-cv-337-DRC-KLL and 1:23-cv-16-JPH-KLL at a Court-facilitated mediation to be set forthwith;

5. Should the referenced mediation not result in settlement of the above-captioned case, and if trial is necessary, Attorney White shall continue to represent Plaintiff in the above-captioned case;

6. Courtesy copies of this Order shall be filed in Case Nos. 1:22-cv-337-DRC-KLL and 1:23-cv-16-JPH-KLL.

                                                         *s/Stephanie K. Bowman*
                                                         Stephanie K. Bowman
                                                         United States Magistrate Judge